UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| VERNON BATEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:07-CV-179 TLS |
| ) | |
| WILLIAM WILSON, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Petitioner Vernon Bateman, a prisoner confined at the Miami Correctional Facility submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. According to the petition, on June 8, 2006, prison officials placed him in segregation while they investigated him for a stabbing incident. They never formally charged him with the stabbing incident, but did charge him with threatening another. This charge was based on a letter the petitioner wrote while he was segregated for investigation, which prison officials read after he placed it in the outgoing mail. The letter contained a passage stating "I promise on my soul I'm still trying to catch this fuck [as] soon as I beat this investigation." (Petition at p. 9). On July 5, 2006, a Disciplinary Hearing Board (DHB) found the petitioner guilty, and imposed a loss of ninety days of earned credit time**.** He appealed unsuccessfully to the Superintendent and the final reviewing authority.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court must review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .."*Id.* This rule provides the Court with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1)

advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In ground one of his petition, the petitioner asserts he was "denied written notice of the charges upon which he was found guilty" (Petition at p. 3). In ground two, he also asserts that he was "denied adequate written notice of the charges and denied the ability to prepare a defense." (*Id.*). Due process requires that prison officials give a prisoner advance written notice of the charges against him. *Wolff v. McDonnell*, 418 U.S. at 565. The purpose of the notice requirement is to inform the prisoner of the factual circumstances supporting the charge against him and provide him a chance to prepare a defense. *Id. at* 564-65.

The charge finally leveled against the petitioner was based on statements he made in a letter he mailed to one of his friends outside the prison. Officials read the letter and based the charge of threatening another on a statement the petitioner made in his letter. According to the petition, the conduct report advised the petitioner he was charged with "intimidation or threatening another with bodily harm, or with an offense against the person or property, a class B write-up. 213," (Petition at p.8), and advised him that the charge was based on the statement he made in the letter he placed on the outgoing mail.

The petitioner stated in the letter intercepted by prison officials that "I promise on my soul I'm still trying to catch this fuck [as] soon as I beat this investigation." (Petition at p. 9). The information contained in the petition establishes that the conduct report met *Wolff* 's notice requirements by giving the petitioner adequate notice of the charge against him and the essential

2

facts upon which prison officials based that charge.

In ground one of his petition, the petitioner argues that the conduct report was improper because it was "based on an unauthorized confiscation of petitioner's mail designated for a friend who was not incarcerated." (Petition at p. 8). But that prison officials searched and read the petitioner's outgoing mail does not violate his federally protected rights. It is not just a good idea that prison officials may read prisoners' nonprivileged mail, it is the law.  Incoming or outgoing nonprivileged mail may be opened, read, and censored consistent with the need for prison security. *See Martin v. Tyson*, 845 F.2d 1451, 1456–57 (7th Cir. 1988); *Gaines v. Lane*, 790 F.2d 1299, 1304–05 (7th Cir. 1986). Miami Correctional Facility officials had the right to search and read the petitioner's mail, and they may properly charge the petitioner with disciplinary offenses based on information contained in his outgoing mail.

The petitioner also suggests in ground one that the conduct report was "non and void" because it "was written on 6-28-07, a three week elapse period, which DOC policy mandate[d] 72 hours between the incident and the writing of the conduct report." (Petition at p. 8). But while Indiana Department of Correction ("IDOC") policy may require that conduct reports be written within seventy-two hours of an incident, the United States Constitution does not. That the conduct report may not have been timely under IDOC rules states no claim upon which relief can be granted because relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions do not state a claim for habeas relief. *Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995); *Hester v. McBride*, 966 F.Supp. 765 (N.D.Ind. 1997). Violations of the prison disciplinary policies do not state a claim for federal habeas relief, *Hester v. McBride*, 966 F.Supp. at 774–75.

In ground two of his petition, the petitioner asserts that the disciplinary hearing board did not provide him a sufficient explanation of the reasons it relied on to find him guilty and that there

3

is insufficient evidence to support a finding of guilt. *Wolff* requires that there must be "some evidence" in the administrative record to support the decision of the prison disciplinary board." *Superintendent, Mass. Corr. Inst, v. Hill*, 472 U.S. at 455. This is a lenient standard, requiring no more than "a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* (citing *Hill*, 472 U.S. at 457). "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."*Id.* (citing *Hill*, 472 U.S. at 455–56).

The petitioner asserts that the DHB "stated guilt was based on C/R and attach[ed] evidence." The evidence attached to the conduct report was the letter in which the petitioner stated "I promise on my soul I'm still trying to catch this fuck [as] soon as I beat this investigation." (Petition at p. 8). This written statement by the petitioner provided some evidence that he had made a statement threatening to harm another inmate, and in relying on that evidence the DHB provided a sufficient statement of the evidence it relied on to find the petitioner guilty.

Accordingly, for the reasons stated in this order, the court **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

SO ORDERED on June 11, 2006.

    /s/ Theresa L. Springmann
    THERESA L. SPRINGMANN
    UNITED STATES DISTRICT COURT
    FORT WAYNE DIVISION